**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOE HAND PROMOTIONS, INC.,

        Plaintiff,

  v.

JOSEPH TAMAYO, individually and d/b/a
CROSSFIT FORCE GYM,

        Defendant.

_____/

No. C 14-01744 CRB

**ORDER GRANTING DEFAULT
JUDGMENT**

     Now before the Court is Plaintiff Joe Hand Promotions. Inc.'s Motion for Default
Judgment.  The Court has reviewed the papers, and given Defendant an opportunity to
respond and to appear at the hearing held on July 11, 2014.  Plaintiff's motion for Default
Judgment is hereby GRANTED.

## BACKGROUND

     Plaintiff is a nationwide distributor of broadcast sporting events.  Compl. ¶ 15.  It
obtained the domestic commercial exhibition rights to broadcast the <u>Ultimate Fighting
Championship 159: Jon Jones v. Chael Sonnen</u> (the "Program").  <u>Id.</u> ¶ 14  To exhibit the
Program, commercial establishments were required to enter into a subleasing agreement with
Plaintiff.  <u>Id.</u> ¶¶ 15, 17.

1    Defendant Tamayo owns and operates Crossfit Force Gym in Santa Rosa, California.

2  Id. ¶¶ 7-8.  Plaintiff alleges that Defendants unlawfully intercepted the Program and

3  exhibited it at his gym to an audience of at most thirty-one people.  Id. ¶ 17; Affiant Decl.

4  Plaintiff alleges that Defendants did so willfully and for the purpose of commercial

5  advantage and/or private financial gain.  Compl. ¶ 18.

6    Plaintiff filed its Complaint on April 16, 2014, and Defendants were served with

7  summons and the Complaint shortly thereafter.  See Compl.; Summons (dkt. 5).  Defendants

8  did not answer the Complaint, and on June 9, 2014, the Court entered default against

9  Defendant.  See Clerk's Notice, Entry of Default.  Plaintiff subsequently filed a Motion for

10  Default Judgment.  See Mot.  As of the date of this Order, Defendants have not answered the

11  Complaint, responded to the Motion, or otherwise appeared in the case.  See generally

12  Docket, Case No. 3:14-cv-01744-CRB.

13    Plaintiff's Complaint includes causes of action for (1) violation of the Federal

14  Communications Act of 1934, 47 U.S.C. § 605, (2) violation of the Cable & Television

15  Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, (3) conversion, and (4)

16  violation of California Business and Professions Code § 17200.  Compl. at ¶¶ 12-40.

17  Plaintiff's motion seeks damages only for the violation of section 605 and for conversion.

18  Mot. at 5-16.

19                                   **LEGAL STANDARD**

20    Default judgments are generally disfavored because cases should ordinarily be

21  decided on the merits.  Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.

22  1985).  However, pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter a

23  default judgment upon motion by the Plaintiff after entry of default by the Clerk.  Fed. R.

24  Civ. P. 55(b).  Whether to grant a motion for the entry of a default judgment is within the

25  discretion of the trial court.  See Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956).

26    Upon an entry of default by the Clerk, the factual allegations of the plaintiff's

27  complaint will be taken as true, except those relating to the amount of damages.  See Derek

28  Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).  A plaintiff is

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   required to prove all damages sought in the complaint.  See  Televideo Sys., Inc. v.

2   Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 2002).  If the facts necessary to determine the

3   damages are not contained in the pleadings, or are legally insufficient, they will not be

4   established by default.  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir.

5   1992).

6         In determining whether to enter a default judgment, a court has "an affirmative duty to

7   look into its jurisdiction over both the subject matter and the parties."  In re Tuli, 172 F.3d

8   707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully

9   attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to

10  enter the judgment in the first place").  Because Crossfit Force Gym is located within this

11  district, the Court may exercise personal jurisdiction.  In addition, the Court has subject

12  matter jurisdiction because Plaintiff's claims arise under the Federal Communications Act of

13  1934, 47 U.S.C. § 605.

## ANALYSIS

14

15  **A.      The Court Declines to Apply 47 U.S.C. § 605 Absent Evidence of Satellite
            Transmission**

16
17       A claim under section 605 can be established when defendants engage in unlawful

18  interception of "satellite cable programming" whereas a claim under section 553 concerns

19  interception "over a cable system."[1]  47 U.S.C. § 605(a); § 553(a)(1).  Plaintiff alleges

20  violations of both section 605 and section 553 in its Complaint but argues only its section

21

22

23  _____

24       [1]  In another case involving this plaintiff, this Court, found that where liability existed under
    both section 605 and section 553 the Court should apply section 605.  Joe Hand Promotions, Inc. v.
25  Dailey, 01-4219, 2003 WL 1342998, at *2 (N.D. Cal. March 13, 2003) citing International Cablevision
    v. Sykes, 997 F.2d 998, 1009 (2d Cir. 1993).  However, Dailey is distinguishable because it involved
    a "satellite transmission."  See id. at *1.
26       This Court also confronted this issue in J & J Productions, Inc. v. Coyne, but was not called upon
    to decide the issue because Plaintiff did not contest Defendant's motion for summary judgment
27  regarding Plaintiff's section 605 claim.  857 F. Supp. 2d 909, 914 (2012) (finding that San Francisco
    bar The Double Play was liable only for the minimum allowable damages under section 553 and
28  conversion damages in the amount that it would have paid Plaintiff to exhibit the broadcast, had it done
    so initially).

United States District Court
For the Northern District of California

605 claim and its conversion claim in its Motion for Default Judgment.[2]  See Compl. at 3-6; Mot. at 4-20.  Plaintiff seeks damages pursuant to section 605, but provides no evidence that the Program was transmitted by satellite as opposed to cable.  See generally Mot.; Affiant Decl.

Where there is no evidence that a signal was received from a satellite broadcast, the plaintiff has not sufficiently stated a claim under section 605.  See Joe Hand Promotions, Inc. v. Nguyen, 11-06168, 2012 WL 379143, at *3 (N.D. Cal. Aug. 31, 2012) (Whyte, J.); accord J & J Sports Productions, Inc. v. Man Thi Doan, 08–00324, 2008 WL 4911223, at *3 (N.D. Cal. Nov.13, 2008) (Whyte, J.) (finding that where no satellite dish was visible, the reasonable inference was that the programming came from a cable box).  Under these circumstances, section 553 and not section 605 applies.  See J and J Sports Productions, Inc. v. Concepcion, 10–05092, 2011 WL 2220101, at *4 (N.D. Cal. June 7, 2011) (Alsup, J.) (holding that where there was no evidence of a satellite dish, "damages are more appropriately analyzed under section 553").

Here, Plaintiff's Investigator does not address the means of transmission, and photos of the establishment submitted by Plaintiff do not show a satellite dish.  See Affiant Decl.  Indeed, Plaintiff admits that it "cannot determine the precise means that Defendant used to receive the Program."  Mot. at 8.  Because there is no evidence of satellite transmission, the Court applies section 553 rather than section 605.

**B.    Damages Under Section 553**

Plaintiff has produced sufficient evidence to prove that Defendant violated section 553, absent any response from Defendant.  See Compl. at 4; Affiant Decl. at 1.  However, the statutory maximum in damages as sought by Plaintiff, Compl. at 9, is inappropriate.  This Court employed the following legal standard in Coyne:

> Under section 553(c)(3)(A)(ii), the "party aggrieved may recover an award or statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just."  The court of appeals

---

[2] Section 605 allows for damages to be enhanced above conversion damages and costs and attorney's fees up to $110,000, while section 553 allows for up to $60,000.  47 U.S.C. § 605(e)(3)(C)(i-ii); § 553(c)(3)(A–B).  Reasonable attorney's fees shall be awarded under section 605 and may be awarded under section 553.  47 U.S.C. § 605(e)(3)(B)(iii); § 553(c)(2)(C) (emphasis added).

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

has not set forth specific factors to use in determining the appropriate amount of such enhancements.  See J & J Sports Prods., Inc. v. Concepcion, No. 10–5092, 2011 WL 2220101, at *4 (N.D. Cal. June 7, 2011).  "District courts have thus considered different factors to determine culpability and to achieve proper compensation and deterrence.  These include: use of cover charge, increase in food price during programming, presence of advertisement, number of patrons, number of televisions used, and impact of offender's conduct on the claimant. Repeated violations may also justify enhanced damages." Id.

857 F. Supp.2d at 917.  Here, Plaintiff's Investigator states that at most thirty-one people (including three children under age ten) were present during exhibition of the Program, there was no advertisement (there wasn't even a business name on the front of the establishment), there was one "makeshift screen with a projector," no cover charge, nothing for sale, "everyone seemed to bring their own food and drinks," and "[i]t was very much like a gathering of friends." Affiant Decl.  This was not the unlawful commercial gain that the statute seeks to prevent.  As to the impact of offender's conduct on the claimant, Plaintiff is a national corporation that apparently has the resources to be highly litigious (Joe Hand Promotions, Inc. has appeared as plaintiff in this district over 40 times).  It is unlikely that Defendant's conduct meaningfully impacted Plaintiff.  The Court awards the minimum statutory damages, as it did in Coyne.  See Coyne, 857 F. Supp.2d at 918.  Thus, the Court awards Plaintiff $250 in damages for the violation of section 553.  See 47 U.S.C. § 553(c)(3)(A)(ii).

### C.    Conversion

Damages for conversion are based on the value of the property at the time of the conversion.  Krueger v. Bank of America, 145 Cal. App. 3d 204, 215 (1983).  Under California law, conversion has three elements: (1) ownership or right to possession of property; (2) wrongful disposition of the property right of another; and (3) damages.  See G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv. Inc., 958 F.2d 896, 906 (9th Cir. 1992).  Although conversion generally applies to tangible property, court decisions have recognized intangible property such as the exclusive distribution rights over a program may be capable of being converted.  See Don King Prods./Kingvision v. Lovato, 911 F. Supp. 419, 423 (N.D. Cal 1995). Here, the value of the Program at the time of conversion was $750, the amount that Defendant would have paid Plaintiff, had it contracted with Plaintiff before showing the fight.  Pl.'s Aff., Ex. 2.  The Court awards Plaintiff $750 in damages for conversion.

**CONCLUSION**

The Court GRANTS the Motion for Default Judgment and award the following damages:

For violation of 47 U.S.C. § 553: $250

For the tort of conversion: $750

　　　TOTAL: $1,000

**IT IS SO ORDERED.**

Dated: July 16, 2014

_____
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California